IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN A. FIGARO, JR.,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-2847 |
| | : | |
| MS. C. FREEMAN,<br>    Defendant. | : | |

## MEMORANDUM

YOUNGE, J.                                                                                                     AUGUST 4, 2023

Plaintiff Sean A. Figaro, Jr. brings this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971),[1] against C. Freeman, a correctional officer employed at the Federal Detention Center in Philadelphia, where Figaro was previously incarcerated as a pretrial detainee. (Compl. at 6.)[2] He claims that Freeman violated his constitutional rights during an incident when she made "sexually derogatory comments" to him. (*Id.*) Figaro seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Figaro leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim.

## I.    FACTUAL ALLEGATIONS

Figaro alleges that Freeman subjected him to "sexually abusive behavior" and "sexual harassment" during a cell search that occurred on May 11, 2021. (Compl. at 4-6.) On that date, Freeman allegedly walked into the cell and stated "this dick mines always mines you going to do

---

[1] "[A]ctions brought directly under the Constitution against federal officials have become known as '*Bivens* actions.'" *Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017).

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

what I tell you to do in this jail, you not sleeping [comfortable] less you sleeping with me, Figaro." (*Id.* at 6.) Figaro informed a nurse, who apologized, told him it was a problem, and represented that she would report the matter to the Lieutenants.[3] (*Id.*) Figaro seeks damages for "sexually derogatory comments," "unwelcome sexual advances and verbal comments," pain and suffering, and damages to his emotions and mental health. (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Figaro leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366,

---

[3] Figaro recounts the nurse's indication that the Lieutenants would "force [him] to not report sexual acts against staff" and further suggests that he received unspecified threats and "4 months of SHU time." (Compl. at 6.) These allegations are undeveloped. They appear to have been included as background rather than as any basis for a claim against Freeman, who is the only named Defendant.

[4] Because Figaro is a prisoner, he must still pay the $350 filing fee in installments as mandated by the Prison Litigation Reform Act.

374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Figaro is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

*Bivens* provides a judicially recognized damages remedy for constitutional violations committed by federal actors in their individual capacities in limited circumstances. *Egbert v. Boule*, 142 S. Ct. 1793, 1799-1800 (2022); *Abbasi*, 137 S. Ct. at 1854. Since *Bivens* was decided in 1971, the Supreme Court "has repeatedly refused to extend *Bivens* actions beyond the specific clauses of the specific amendments [of the Constitution] for which a cause of action has already been implied, or even to other classes of defendants facing liability under those same clauses." *Vanderklok*, 868 F.3d at 200; *see Egbert*, 142 S. Ct. at 1809. The Court has recognized an implied private action against federal officials in only three cases: (1) *Bivens* itself, which recognized an implied cause of action for violation of the Fourth Amendment's right against unreasonable searches and seizures; (2) *Davis v. Passman*, 442 U.S. 228 (1979), which recognized a claim for gender discrimination in the employment context under the Fifth Amendment's Due Process Clause; and (3) *Carlson v. Green*, 446 U.S. 14 (1980), which recognized a claim against prison officials for inadequate medical care in the prison context under the Eighth Amendment. *See Dongarra v. Smith*, 27 F.4th 174, 180 (3d Cir. 2022); *see also Abbasi*, 137 S. Ct. at 1855 ("These three cases - *Bivens*, *Davis*, and *Carlson* - represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself."). "To preserve the separation of powers, the Court has 'consistently rebuffed' efforts to extend *Bivens* further . . . [because] [t]he Constitution entrusts Congress, not

the courts, with the power to create new federal causes of action and remedies." *Dongarra*, 27 F.4th at 180 (citing *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020)); *see also Xi v. Haugen*, 68 F.4th 824, 832 (3d Cir. 2023) ("In the fifty-two years since *Bivens* was decided, . . . the Supreme Court has pulled back the reins to what appears to be a full stop and no farther.").

Even if *Bivens* could be extended to the new context presented by Figaro's claim, the claim nevertheless fails because Figaro has not alleged a plausible violation of the Due Process Clause of the Fifth Amendment, which governs his claims. *See Bistrian v. Levi*, 912 F.3d 79, 91 & n.19 (3d Cir. 2018) (explaining that the Fifth Amendment governs claims brought by pretrial detainees in federal custody). Verbal taunting and comments alone, even of a sexual nature, do not rise to the level of a constitutional violation. *See, e.g.*, *Gibson v. Flemming*, 837 F. App'x 860, 863 (3d Cir. 2020) (*per curiam*) (plaintiff's allegations "that an officer winked at him and 'flicked his tongue' at [him]" did not state a constitutional violation); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."); *Maclean v. Secor*, 876 F. Supp. 695, 699 (E.D. Pa. 1995) ("A constitutional claim based only on verbal threats will fail, moreover, whether it is asserted under the Eighth Amendment's ban on cruel and unusual punishment or under the Fifth Amendment's substantive due process clause."). Figaro's claim is based on one incident during which Freeman made a derogatory remark to him of a sexual nature; such behavior, while it may be inappropriate, does not rise to the level of a constitutional violation. *See, e.g.*, *Williams v. Wetzel*, 776 F. App'x 49, 53 (3d Cir. 2019) (*per curiam*) (affirming dismissal of Eight Amendment sexual conduct claim because the allegations did not involve any sexual contact between the prisoner and the corrections officer); *Bower v. Price*, No. 17-1473, 2018 WL

1334985, at *3 (M.D. Pa. Mar. 15, 2018) (collecting cases and holding that alleged verbal sexual harassment alone does not give rise to a constitutional violation); *Quiero v. Muniz*, No. 14-00225, 2015 WL 13738994, at *5 (M.D. Pa. Aug. 3, 2015) (holding that "'[a]llegations of verbal abuse or threats, unaccompanied by injury or damage, are not cognizable under § 1983, regardless of whether the inmate is a pretrial detainee or sentenced prisoner'" (quoting *Brown v. Hamilton Police Dep't*, No. 13-260, 2013 WL 3189040, at *2 (D.N.J. June 21, 2013) (alterations in original)).

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Figaro leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The dismissal will be with prejudice because the Court concludes that amendment would be futile. An Order follows, which shall be docketed separately.

           **BY THE COURT:**

           **/s/** *John Milton Younge*
           **JOHN M. YOUNGE, J.**